## SEMAN et v SEMAN et

Ohio Appeals, 2nd Dist, Darke Co

Nos 467 & 468.  Decided March 8, 1935

Herman F. Krickenberger, Greenville, for plaintiff in error.

Martin D. Pluess, Greenville, for defendant in error, Mary E. Seman.

## OPINION

By HORNBECK, J.

The above entitled cases come into this court on error. We note in one of the briefs that it is said that the case is presented on appeal. The proceedings do not support the statement. However, it makes no difference how the matter is brought to the attention of the court as the question presented is purely one of law.

Mary E. Seman is the surviving spouse of David Seman, deceased, whose estate is being administered in the Probate Court of Darke County.   Melvin Seman and Orpha Cain are the children of David Seman, deceased, and with the widow are all the heirs at law of David Seman.   The estate consists of real and personal property.   The real estate is appraised at $2150.00; the personal property at $716.66. The widow within the time provided by statute elected to take certain personal property at its appraised value to the amount of her distributive share in the estate.   This election was approved by the Probate Court and in connection with the action an opinion was prepared, of which we have had the benefit.   The children taking exception to the judgment of the Probate Court prosecuted error to the Common Pleas Court. where the action of the Probate Court was affirmed in a short opinion, with which we have been favored.

The question presented requires a construction of §10509-89 GC, which provides:

"At any time within one month after approval of the inventory, the surviving spouse, if any whether or not acting as executor or administrator, shall have the right to elect to take at the appraised value the following property if left by the decedent, and if not specifically devised or bequeathed. '(a) The home and its contents, even though exceeding the amount of such spouse's distributive share.

'(b) Any other real and personal property not exceeding, with the home and its contents, if such spouse elects to take such home and contents, the amount of such spouse's distributive share.'

"A spouse so electing shall file in the Probate Court a schedule of the property so desired, with an accurate description of the real estate, if any.   The court shall

thereupon make an entry fixing the terms and conditions of payment for such payment, having due regard for the rights of creditors for said estate, and ordering the executor or administrator to transfer or convey such property to such spouse upon compliance with the terms and conditions fixed by the court. The executor or administrator shall thereupon execute and deliver to the spouse a proper bill of sale or deed, as the case may be, for such property, and make return thereof to the Probate Court."

The difference of opinion arises upon a construction of the term "distributive share," as appearing in (a) and (b) of the section. It is the contention of counsel for plaintiffs that "distributive share" relates to that portion of the personal estate to which by law the surviving spouse is entitled. Counsel argues with much effectiveness that "distributive share" has come to have a fixed meaning in our law, which relates to the personal estate as distinguished from a share of real estate which is properly designated as a share which passes by descent.

It is urged that the new probate code, having been sponsored by the Ohio Bar Association and prepared by lawyers who are familiar with legal expressions, their technical meanings and interpretations, must have employed the expression "distributive share" in its technical sense. Upon this theory the widow could not take property at its appraised value in excess of the value of that share of the personal property to which she would be entitled. Notwithstanding the force of the argument offered by the plaintiffs, we are of opinion that the term "distributive share" is not so limited in meaning as contended for by counsel; that it contemplates that which a widow may take at its appraised value by virtue of §10509-89 GC includes both real estate and personal property.

We readily recognize that the question presented is nice. It would seem that when attorneys with full appreciation of the technical import and meaning of legal words and expressions, use them, they are to be interpreted in a technical sense. 'Distributive' share has come to have a definite meaning in our law and relates to personal property, but upon a fair consideration of all of the sections germane to our question as found in the new Probate Code, we come to the conclusion that the term was used here in a broader sense so as to include both real and personal property.

14 Ohio Jurisprudence, in the article on Descent and Distribution, recognizes the principle for which plaintiffs contend. However, this article was written before the adoption of the present Probate Code. At paragraph 36, page 135, it is said:

"Ohio is among the minority of states which still preserve the distinction between real and personal property, a distinction inherited from England, reflecting historical influences which for generations surrounded the devolution of real estate, though the large majority of states have statutes of descent and distribution which are uniform in almost every detail, a few states making a difference in the two kinds of property as taken by the surviving spouse."

In the note to this statement it is observed:
"The proposed Probate Code abolishes this distinction."

Sec 10503-4 GC recites:
"When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, **such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary,** except as otherwise provided by law, in the following course." (Emphasis ours).

Again the distinction seems to be made between distribution and descent, but the further subject matter of the section establishes that no distinction is made between descent of real estate and distribution of personal property as to the share which those designated in the section are to take. This purpose is heightened by the provisions of §10503-1 GC which provides:

"In intestate succession, there shall be no difference between ancestral property and non-ancestral property, or real property and personal property."

In the committee comment on this section it is said:
"The effect of this section is to cause all property to pass according to one common rule, whatever its character and from whatever source derived.
"The reasons for the distinction between ancestral and non-ancestral property and between real and personal property, in intestate succession, have long since disappeared, these differences being at the pres-

ent time purely arbitrary and productive of an artificial inequality."

Inasmuch as both real estate and personal property are treated alike in the statute, it is probable that the expression in §10509-89, GC "distributive share" though inept, has reference to both classes of property.

In §10502-1 GC "distributive share" is employed as meaning that which the surviving spouse may take by the statute of descent and distribution, clearly relating to real and personal property. The section reads:

"In lieu of such dower interests as terminates and is barred pursuant to the provisions of this section, a surviving spouse shall be entitled to the distributive share provided by the statute of descent and distribution."

One of the outstanding purposes of the new Probate Code is to enlarge the rights of the widow. This is manifest throughout the act.

"In construing a statute effect should be given to the intent or purpose of the legislature and the object sought to be accomplished." 59 C.J. 961.

We know that the interpretation which the majority of this court places upon the section under consideration is that which the committee of the Ohio Bar Association on Revision of Ohio Probate Laws had in mind when the statute was framed. Unfortunately, there is doubt of the true construction of the statute and to remove this doubt the committee has proposed an amendment which will specifically provide that the "spouse may elect to purchase 1/3 of the gross appraised value of the estate, at the appraised value as fixed by the appraisers" and such proposed amendment is now under consideration in the legislature.

We are, therefore, of opinion that the Probate and Common Pleas Courts were correct in their construction of the statute under consideration.

Judgment affirmed.

KUNKLE, PJ, concurs.
BARNES, J, dissents.

### DISSENTING OPINION

By BARNES, J.

I have not been able to bring myself to the same conclusion as my associates in the above entitled cause. In my judgment the words "distributive share" pertains to personal property and not real estate. It has been so recognized for many years, and hence when used in the new Code no different meaning should be given unless the legislative intent is manifest so to do. The fact that under the new Probate Code personal property is distributed and real estate descends in equal moieties is not sufficient to change the meaning of the words "distributive share".

The special committee on revision of Ohio Probate Laws in their supplemental report submitted to the Ohio State Bar Association at their annual meeting in July, 1934, proposed an amendment to §10509-89 GC so that it will read "One-third of the gross appraised value of the estate." We are informed that the above amendment has been presented to the Legislature and is now in committee. It seems to me that this action of the committee and the Legislature is a recognition that in the section as enacted the words "distributive share" apply to personal property. Otherwise, there would be no reason for the amendment.